*L. P. Little, for appellant. McFarland & Tharp, for appellee.*

---

ELIZABETH SMITH, ET AL., *v.* R. C. EUBANK, ET AL.

**Insurance Policy—Beneficiary—Creditors of Husband.**
> Creditors of the husband have no cause of action against a widow who has received insurance money on a policy made payable to her, purchased by her husband.

### APPEAL FROM ADAIR CIRCUIT COURT.

October 23, 1876.

OPINION BY JUDGE ELLIOTT:

H. W. Smith, in 1869, insured his life for the benefit of appellants,

his wife and children, in the sum of ten thousand dollars, in the Southern Mutual Life Insurance Co. of this state.

Smith paid the calls due on his policy up to his death in 1874. In 1875 R. C. Eubank, one of the appellees, brought suit, by which he sought to reach the fund received by Smith's widow and heirs by virtue of said policy, on the ground that said policy so made for the benefit of Smith's wife and children was a fraud on his creditors. Appellees' debt was not created till five years after the insurance of Smith's life was made with the Southern Mutual Life Insurance Co., and how he could have contemplated a fraud on said appellees without even any evidence that he even knew or ever expected to deal with them, is difficult to perceive.

The charter authorized the insurance as made by Smith, and protects the beneficiaries of the policy against creditors of the assured, and even if said act is illegal or even unconstitutional as to Smith's creditors, when the policy was executed, we are of opinion that appellees are in no condition to make the question, as the beneficiaries of the policy have a better title to the money received thereon than appellees.

It is said that H. W. Smith paid one call on this policy after he incurred the debt to appellees, and it is insisted that the amount of said call ought to be held liable for his debt. We are of a different opinion. Smith became bound for said call in 1869, long before he became indebted to appellees, and paid it in pursuance of his contract. We are of opinion that as to subsequent creditors of Smith, the appellants, the widow Smith and her children, are to be considered as the absolute owners of the fund paid them on the policy in dispute in this suit.

Wherefore the judgment of the lower court is *reversed* and the cause remanded with directions to dismiss appellees' suits at their cost.

*Russell & Averitt, for appellants.*
*Baker & Hindman, for appellees.*